IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JESSE LEE GARRETT
ADC#656385                                                              PLAINTIFF

v.                          No. 4:25-cv-1001-DPM

WATKINS, Captain, #F300, Faulkner
County Detention Center, Unit 1 & 2;
ROWE, Sgt., Booking Area, Faulkner
County Detention Center, Unit 2; DOES,
All Officer Involved in Arrest, Conway
Police Department; All
Individuals/Officers Involved in
Bookings, Faulkner County Detention
Center Unit 1 & 2; CONWAY POLICE
DETENTION CENTER; and FAULKNER
COUNTY DETENTION CENTER                              DEFENDANTS

ORDER

1.      Garrett's motion to proceed *in forma pauperis*, *Doc. 1*, is granted. The Court doesn't assess an initial partial filing fee. Garrett's custodian must collect monthly payments from his prison trust account each time the balance exceeds $10. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The

payments forwarded on Garrett's behalf must be clearly identified by case name and case number.

2.    The Court directs the Clerk to send a copy of this Order to three addresses:

- the Warden of the Grimes Unit of the Arkansas Division of Correction, 300 Corrections Drive, Newport, Arkansas 72112;

- the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and

- the Arkansas Division of Correction Compliance Office, P.O. Box 20550, White Hall, Arkansas 71612.

3.    The Court must screen Garrett's § 1983 complaint.  *Doc. 2*; 28 U.S.C. § 1915(e).  He is awaiting trial for aggravated residential burglary, first degree battery, first degree criminal mischief, and resisting arrest charges in Faulkner County, Arkansas.  *State v. Garrett*, 23CR-25-881.  Garrett says he was subjected to excessive force during his arrest, denied due process, and that the jailers were deliberately indifferent to his medical needs.  He seeks damages.

The Court must abstain from proceeding with Garrett's federal case.  His state criminal case is ongoing;  Arkansas has an important interest in enforcing its criminal laws;  and he may raise his constitutional claims during his state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  Further, Garrett hasn't alleged bad

- 2 -

faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). His claims are therefore stayed until there's a final disposition of his pending state charges. *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\*

The Court directs the Clerk to stay and administratively terminate this case. Garrett can move to reopen it after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Garrett doesn't file a timely motion to reopen or a status report by 5 October 2026, then the Court will reopen this case and dismiss it without prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

30 September 2025

- 3 -